Barbara VELINO (Agugiaro)

v.

COMMERCIAL UNION ASSURANCE COMPANIES.

No. 79–71–Appeal.

Supreme Court of Rhode Island.

July 3, 1981.

Lovett & Linder, Ltd., Stephen G. Linder, Paul V. Gallogly, Providence, for plaintiff.

Higgins, Cavanagh & Cooney, John T. Walsh, Jr., Peter S. Haydon, Providence, for defendant.

OPINION

MURRAY, Justice.

This matter is before the court on the plaintiff's appeal from a judgment entered by a Superior Court justice granting the defendant's motion for summary judgment, pursuant to Rule 56 of the Superior Court Rules of Civil Procedure.

Implicit in the trial justice's granting of the motion for summary judgment is his finding that there existed no genuine issue of fact material to this controversy. Indeed, the parties do not dispute that on July 14, 1975, plaintiff, Barbara Velino, was the operator of an automobile traveling on Chalkstone Avenue in Providence when another automobile, traveling on the same street but in the opposite direction, veered toward plaintiff's car, forcing her to take evasive action. The plaintiff swerved to the right, and although the two automobiles never made physical contact, plaintiff's vehicle struck a telephone pole on the side of the street. As a result of her vehicle's striking the telephone pole, plaintiff allegedly sustained physical and mental injuries. The driver of the other vehicle drove away from the scene and to this date has been neither arrested nor identified.

The precise issue raised by this appeal is whether the physical-contact requirement appearing in the definition of a "hit and run" motorist, which definition is contained in the uninsured-motorist provisions of plaintiff's automobile policy, is unenforceable in that it violates public policy. We just recently decided this issue in *Pin Pin H. Su v. Kemper Insurance Companies/American Motorist Insurance Company*, 431 A.2d 416 (1981), a case both factually and legally virtually identical to the instant case. In *Pin Pin* we held that such a provision was indeed void as against public policy, and our decision in *Pin Pin* renders any further discussion of this issue superfluous.

Accordingly, the plaintiff's appeal is sustained, the judgment entered in the Superior Court is vacated, and the case is remanded to the Superior Court for further proceedings.

KELLEHER and SHEA, JJ., did not participate.